**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 25-2642

_____

SUSAN LLOYD,
                                        Appellant
v.

COMMONWEALTH OF PENNSYLVANIA, Official and Individual Capacity;
SARA GRAY, Official and Individual Capacity; BENNETT BRICKLIN AND
SALTZBURG, Official and Individual Capacity; PENNSYLVANIA STATE
BOARD OF VETERINARIAN MEDICINE; EXTON VET CLINIC; SHANNON
STANEK; EMILY BOURET a/k/a EMILY RAMOS; HEATHER WESTFALL, VMD;
HELENA DOMENIC; PEEJ DUKEY; JANE AND JOHN DOE PARMAR a/k/a
PARMAR FAMILY; CLERKS OFFICE, Official and Individual Capacity;
UWCHLAN TOWNSHIP POLICE DEPARTMENT, Official and Individual
Capacity; NICOLE NAVARRA, Official and Individual Capacity;
MAUREEN EVANS, Official and Individual Capacity; BRANDYWINE VALLEY
SPCA, Official and Individual Capacity; BRYAN JACKSON, Official
and Individual Capacity; DANIEL ACHUFF, Official and Individual Capacity

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. Civ. No. 5:22-cv-05148)
District Judge:  Honorable Jeffrey L. Schmehl

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 24, 2026

Before: MATEY, MONTGOMERY-REEVES, and NYGAARD, *Circuit Judges*

(Opinion filed: March 30, 2026 )

_____

OPINION[*]

———————

PER CURIAM

Pro se appellant Susan Lloyd seeks review of several orders of the District Court in this civil rights action concerning the death of Lloyd's service dog and comments left by Lloyd on a government social media account. Those orders collectively rejected all of Lloyd's claims in response to defense motions under Federal Rules of Civil Procedure 12(b)(6) (failure to state a claim), 12(c) (judgment on the pleadings), and 56(a) (summary judgment). Discerning no reversible error by the District Court, we will affirm.

I.[1]

Lloyd brought her service dog, Domino, to defendant Exton Vet Clinic (EVC) to obtain anti-inflammatory medicine. During the visit, Domino was administered pentobarbital. He died. Outraged, Lloyd sued the clinic and its staff in the Court of Common Pleas of Chester County, Pennsylvania.[2] EVC was represented in that litigation by defendants Sara Gray and her law firm, Bennett, Bricklin & Saltzburg LLC (BBS).

———————

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] The factual recitation that follows is drawn from Lloyd's operative pleading—her first amended complaint. None of Lloyd's four subsequent attempts to amend was authorized.

[2] Lloyd's suit in state court ran into an obstacle: Pennsylvania's certificate-of-merit (COM) requirement. *See* Pa. R. Civ. P. 1042.3(a). Defendant clerk of the state court (the Clerk's Office) entered a judgment of non pros against Lloyd. *Lloyd v. Veterinary Orthopedic Servs., Ltd.*, 344 A.3d 1075 (Table), 2025 WL 1825123, at *7 (Pa. Super. Ct. 2025). Lloyd filed a substantially similar second suit, which also failed. *See Lloyd v.*

2

In addition to suing EVC and its staff in state court, Lloyd reported their actions to defendants Brandywine Valley SPCA (BV SPCA), the Pennsylvania State Board of Veterinary Medicine (the Board), and the Uwchlan Township Police Department (the Police Department). Lloyd found the responses to her reports to be unsatisfactory.

Lloyd voiced her displeasure with the Police Department's investigation, specifically, on a Facebook page managed by the Police Department and which linked out to its official website. Lloyd's comments were allegedly deleted by two officers—defendants Nicole Navarra and Maureen Evans—and her Facebook account was blocked.

For relief, Lloyd requested money damages in excess of $75,000.[3] She also requested a declaration that Pennsylvania's COM requirement is unconstitutional.[4]

The District Court stayed discovery pending disposition of the defendants' various dispositive motions. Then, in a series of orders, the District Court granted motions to dismiss under Rule 12(b)(6) filed by: the State and the Board, on the grounds that Lloyd's

---

*Stanek*, No. 1006 EDA 2025, 2025 WL 3707695, at *2 (Pa. Super. Ct. Dec. 22, 2025) (per curiam judgment order) ("[A]lthough Appellant may not like the result of her prior litigation, she does not get a second bite at the apple[.]").

[3] That dollar amount suggests a nod to 28 U.S.C. § 1332(a). But it does not appear that Lloyd sued any citizens of states diverse from her own state of citizenship; she predicated jurisdiction on federal questions, *see* 28 U.S.C. § 1331, and the District Court's authority to exercise supplemental jurisdiction over state law claims, *see* 28 U.S.C. § 1367.

[4] Lloyd included as defendants the Commonwealth of Pennsylvania (the State) and the Clerk's Office to face her claim that Rule 1042.3(a) is unconstitutional. Earlier this year, the Supreme Court held that Delaware's COM requirement is inapplicable in federal court. *See Berk v. Choy*, No. 24-440, 2026 WL 135974, at *7 (U.S. Jan. 20, 2026).

§ 1983 claims were not cognizable and the defendants were immune, in any event; an EVC-affiliated veterinarian, on the ground that Lloyd failed to adequately plead state law claims for negligence and emotional distress; Gray and BBS, on the ground that Lloyd failed to adequately plead federal civil rights claims under §§ 1983 and 1985, and state law claims for abuse of process and emotional distress; and EVC, its owner and a staff member, on the grounds that Lloyd failed to adequately plead federal civil rights claims, and that supplemental jurisdiction over her state law claims would not be exercised.[5]

As for the Rule 12(c) motion that was filed by the Police Department and the two officers, the District Court granted the motion in large part. The District Court allowed only Lloyd's First Amendment claims—related to the Police Department's Facebook page—to proceed against the officers in their individual capacities, and against the Police Department under *Monell v. Department of Social Services*, 436 U.S. 658 (1978).

All of Lloyd's other claims against those defendants were dismissed with prejudice. The District Court determined, inter alia, that the officers were entitled to qualified immunity with respect to their official-capacity liability[6]; that Lloyd's

---

[5] Lloyd voluntarily dismissed her claims against the Clerk's Office, BV SPCA, and two BV SPCA officers. Lloyd sued and served several other individuals (Helena Domenic, Peej Dukey, and the "Parmar Family"), but it appears she abandoned her claims against them. Lloyd raises no claims on appeal related to those unrepresented defendants.

[6] The District Court misspoke. Qualified immunity is a defense to liability "in a personal-capacity action," *Kentucky v. Graham*, 473 U.S. 159, 166 (1985), not an official-capacity action. The error is harmless, because Lloyd's claims against the officers in either capacity were properly rejected for reasons we describe later in this opinion.

inadequate-investigation claim was not cognizable under § 1983; and that Lloyd failed to adequately plead emotional distress claims under Pennsylvania law.

Discovery, then competing motions for summary judgment under Rule 56(a), followed. The parties stipulated that the Police Department's Facebook page no longer showed Lloyd's comments, which were reproduced in the District Court's written decision. The District Court denied Lloyd's motion, granted the motion filed by the Police Department and the officers, and declined to allow Lloyd to further amend her complaint. Key to the District Court's ruling was Lloyd's failure to adduce any evidence that the officers were personally responsible for deleting Lloyd's comments or blocking her Facebook account. Lloyd also failed to adduce any evidence of a Police Department policy or custom, or some other basis for establishing municipal liability under *Monell*.

## II.

Lloyd timely filed this appeal. We have jurisdiction under 28 U.S.C. § 1291. Insofar as we are reviewing orders granting motions under Rules 12(b)(6), 12(c), and 56(a), our review is de novo. *See Barlow v. Serv. Emps. Int'l Union Loc. 668*, 90 F.4th 607, 615 (3d Cir. 2024) (Rule 12(c)); *Ellis v. Westinghouse Elec. Co., LLC*, 11 F.4th 221, 229 (3d Cir. 2021) (Rule 56(a)); *United States ex rel. Bookwalter v. UPMC*, 946 F.3d 162, 168 (3d Cir. 2019) (Rule 12(b)(6)). The District Court's rulings staying discovery, declining to exercise supplemental jurisdiction, and declining to permit another pleading amendment are all reviewed for abuse of discretion. *See LabMD Inc. v. Boback*, 47 F.4th 164, 192 n.22 (3d Cir. 2022) (amendment); *Drippe v. Tobelinski*, 604 F.3d 778, 783 (3d

5

Cir. 2010) (case management); *Hedges v. Musco*, 204 F.3d 109, 123–24 (3d Cir. 2000) (supplemental jurisdiction).

III.

Preliminarily, we reject Lloyd's attempts to raise new claims based on post-judgment conduct. *See, e.g.*, Br. 21 ("On September 5, 2025, Lloyd attempted to make public comments at a public open vet board meeting and was immediately cut off and her microphone was muted in violation of the Sunshine Law and 1st amendment."); Br. 42–43 ("After [this] case was dismissed, Lloyd attempted to post a review on [the Police Department's] page under her real Facebook name, Sue [M]ichelle."). "We generally do not consider arguments raised for the first time on appeal, and will not do so in this case." *Gardner v. Grandolsky*, 585 F.3d 786, 793 (3d Cir. 2009) (per curiam) (citation omitted).

We also reject Lloyd's challenge to the dismissal of her claims against the State and the Board. Like the District Court, we find sovereign immunity readily applicable. *See Alden v. Maine*, 527 U.S. 706, 754 (1999). Lloyd's contention that sovereign immunity is unconstitutional lacks merit. *See id.* at 713; U.S. CONST. amend. XI.[7]

We further agree with the District Court that Lloyd failed to raise cognizable claims under § 1983 against the private parties (e.g., EVC and its staff, Gray and BBS). "[T]o state a claim of liability under § 1983," the plaintiff "must allege that she was

---

[7] Insofar as Lloyd's challenge to the constitutionality of state rule 1042.3(a) was merely a reassertion of her challenge in *Lloyd*, 2025 WL 1825123, *supra*, res judicata would also be in play. *See Blunt v. Lower Merion Sch. Dist.*, 767 F.3d 247, 277 (3d Cir. 2014).

6

deprived of a federal constitutional or statutory right by a *state actor*." *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005) (emphasis added). For example, and contrary to Lloyd's argument, private attorneys are not subject to § 1983 liability, even though they are often called 'officers of the court.' *See Angelico v. Lehigh Valley Hosp., Inc.*, 184 F.3d 268, 277 (3d Cir. 1999). Nor did Lloyd plausibly allege a conspiracy with a state actor, in the manner prescribed by *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007).[8]

We turn next to the District Court's order granting summary judgment to the Police Department and its officers. Notably, Lloyd does not refute on appeal the District Court's assessment that she could have deposed the officers—to adduce evidence of their personal involvement in any deprivation of First Amendment rights—but chose not to. Without deposition testimony or other evidence that might have revealed the officers' personal involvement, Lloyd's § 1983 claims against them in their individual capacities could not proceed any further in the litigation. *Cf. Jutrowski v. Twp. of Riverdale*, 904 F.3d 280, 291 (3d Cir. 2018) ("[I]n the face of motion for summary judgment, a § 1983 plaintiff must produce evidence supporting each individual defendant's personal involvement in the alleged violation to bring that defendant to trial.").

---

[8] In granting the Rule 12(b)(6) motions filed by EVC, its owner and a staff member, the District Court stated that it was declining to exercise supplemental jurisdiction over Lloyd's state claims, seemingly because the federal claims against those particular defendants were being dismissed. That action may have been premature, because the District Court had not yet disposed of *all* Lloyd's federal claims in the litigation. However, the District Court ultimately did grant judgment to the defendants on all federal claims, so any timing error was harmless. *See* 28 U.S.C. § 1367(c)(3); 28 U.S.C. § 2111.

Lloyd's *Monell* claim was also properly rejected at summary judgment. "Rule 56(a) requires a court to grant summary judgment when the movant establishes that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Ames v. Ohio Dep't of Youth Servs.*, 605 U.S. 303, 322 (2025) (Thomas, J, concurring). The relevant "law" here (*Monell*) holds that municipalities can be sued under § 1983 where "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell*, 436 U.S. at 690.

The District Court observed that Lloyd "identifies no policy or custom, no failure to train, and no other basis on which municipal liability might rest." On appeal, Lloyd offers nothing to impugn the observation. That Lloyd was able to adequately plead, for purposes of the Rule 12(b)(6) standard, a First Amendment claim in separate litigation involving an Ohio municipality's blocking of her Facebook account, *see Lloyd v. City of Streetsboro*, C.A. No. 18-3485, 2018 WL 11298664, at *4 (6th Cir. Dec. 20, 2018) (per curiam order); Br. 32–33, is not dispositive of whether Lloyd was able to withstand *summary judgment* in this matter. Lloyd had to back up her *Monell* claim with evidence revealing a genuine dispute of material fact, and she did not. The Police Department, and the officers in their official capacities, were thus entitled to summary judgment.

Lloyd's remaining arguments lack merit, for substantially the reasons given by the District Court, and warrant little if any extra discussion. In particular: Lloyd has no generalized Fourth Amendment right to "feel safe in her own home," Br. 35—the

8

amendment instead protects the citizenry from "unreasonable searches and seizures," *Carpenter v. United States*, 585 U.S. 296, 303 (2018); there is no evidence that the Police Department "conspire[d] to falsify police reports," Br. 40; the District Court did not abuse its discretion in declining to allow Lloyd to file her fourth and fifth amended complaints on the ground that the proposed amendments would not change the fortunes of any claims that had succumbed to Rule 12(b)(6) and Rule 12(c) motions; and the District Court did not abuse its discretion when it temporarily stayed discovery.

Accordingly, for the reasons given above, the judgment of the District Court will be affirmed.